FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2009 NOV 24 D 12: 06

CLERK, US DISTRICT COURT

UNITED STATES OF AMERICA,

v.                                         CASE NO. 3:09-cr-131-J-20-MCR

JAMES CHARLES JONES, SR.,
NICOLE MARIE HOGAN, et. al.,
_____/

## ORDER

Before this Court is the Magistrate Judge's Report and Recommendation (Doc. 92), pertaining to Defendants' Joint Motion to Suppress (Doc. 56). The Magistrate Judge recommended the motion be denied as to the physical evidence and to the statement by Defendant Hogan given after the search warrant was issued and that the motion be granted as to the statements made by Defendants prior to the insurance of the warrants. Objections were filed by the government as to the Magistrate's specific finding that there were no exigent circumstances present and that the statements made by the Defendants during the period when agents were waiting for search warrants should be suppressed. (Doc. 101). The Defendants filed objections as to the Magistrate Judge's finding that the physical evidence and statements made by the Defendants before the issuance of the warrant should be admitted against the Defendants at trial, specifically arguing that the illegal taint from the seizure and Defendants' statements was not removed by the officers' subsequent attainment of a warrant. (Docs. 94, 102). Upon consideration of the Report and Recommendation, the Parties' objections, and after an

independent review of the record, this Court finds as follows:[1]

This Court overrules the objections made by the Defendants and sustains the objections made by the government that the temporary protective seizure was flawed. Further, this Court adopts in their entirety the underlying factual findings from the Report and Recommendation. This Court also adopts the legal conclusions pertaining to the physical evidence and the statement given by Defendant Hogan after the issuance of the search warrant. However, this Court rejects the legal conclusions that support the suppression of the statements given prior to the issuance of the warrants. The Magistrate Judge correctly concluded that both probable cause and exigent circumstances must exist before the officers could enter and secure the homes and residents while they waited for the search warrant. (Doc. 92, pg. 12). However, the Magistrate Judge improperly concluded that while probable cause existed for the officers to enter the homes, exigent circumstance were lacking and, therefore, suppression of the statements as fruit of the poisonous tree was required. It must be remembered at the outset that this case involves the seizure of the house to preserve the status quo until law enforcement officers had time to procure a search warrant. Such seizures implicate different interests than a search. *United States v. Jacobson*, 466 U.S. 109 (1984).

This Court agrees that both probable cause and exigent circumstances must exist before the law enforcement officers can lawfully enter a home. *United States v. Morales*, 868 F.2d 1562, 1575 (11th Cir. 1989)(stating that "in order to justify a warrantless entry it is not enough to

---

[1] Section 28 U.S.C. 636(b)(1)(B), "a [district] judge may designate a magistrate judge to conduct hearing, including evidentiary hearing, and to submit [ ] proposed findings of fact and recommendations. . . A [district] judge of the court shall make a de novo determination of . . . the report. . . [and] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

2

merely establish probable cause... the government must [also] establish the requisite exigent circumstances"). However, unlike the Magistrate Judge, this Court concludes that exigent circumstances were indeed present in the instant case. In response to the government's argument, the Magistrate Judge discussed at length Professor LaFave's thoughts regarding whether or not the Supreme Court approved the warrantless entry into homes absent exigent circumstances. *Search and Seizure: A Treatise on the Fourth Amendment* § 6.5©), pp 417-424 (4th ed. 2004); *United States v. Segura*, 468 U.S. 796 (1983). The Supreme Court has approved warrantless seizures of property to maintain the status quo while a warrant is obtained where they would or did hold a warrantless search to be invalid. *Rawlings v. Kentucky*, 448 U.S. 98 (1980); *Arkansas v. Sanders*, 442 U.S. 753 (1979); *United States v. Van Leeuwen*, 397 U.S. 249 (1970). This Court finds that Professor LaFave's reasoning is largely irrelevant to the discussion at hand, specifically because the exigent circumstances doctrine was satisfied by the instant facts.

In its objection, the government asserts that status quo (or protective) seizures are afforded some leniency, specifically that the degree of exigency "is somewhat commensurate with the degree of government interference and intrusion." (Gov't Objection, Doc. 94, at 3). The law is established, both by the United States Supreme Court and within the Eleventh Circuit, that status quo entries are indeed constitutional.[2] *Illinois v. McArthur*, 531 U.S. 326 (2001); *Segura v. United States*, 468 U.S. 796 (1984); *United States v. Morales*, 868 F.2d 1562 (11th Cir.

---

[2]This Court feels "constrained to point out that . . . the principle of stare decisis require[s] the district court to follow that law." *Scott v. Wainwright*, 617 F.2d 99, 104 (5th Cir. 1980); *see also Bonner v. City of Pritchard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), (adopting as precedent in the Eleventh Circuit decisions of the former Fifth Circuit rendered prior to October 1, 1981).

1989); *United States v. Burgos*, 720 F.2d 1520 (11th Cir. 1983)(holding that the removal or destruction of narcotics involved exigent circumstances). The instant case arose from confidential sources seeking to purchase approximately fifty kilograms (roughly 120 lbs.) of cocaine from the Defendants for approximately $1.5 million dollars. As the Magistrate Judge noted, exigent circumstances will often arise in narcotics cases because the narcotics "can be so quickly destroyed." *United States v. Tobin*, 923 F.2d 1506, 1510 (11th Cir. 1991). Further, the test used to determine whether exigent circumstances existed is an objective one and the "appropriate inquiry is whether the facts . . . would lead a reasonable, experienced agent to believe that evidence might be destroyed [or removed] before a warrant could be secured." *Id.* (internal citations and quotations omitted). This Court finds that the officers had an objectively reasonable fear of destruction or removal of the evidence and their entry and temporary protective seizure were justified. *See id.*; *see also Segura*, 468 U.S. at 798 (finding no constitutional violation when officers entered a premises, arrested occupants who had a legitimate possessory interest in its contents, and secured the premises from within to preserve the status quo for over nineteen hours while others obtained a search warrant).[3]

This Court finds the Eleventh Circuit case of *United States v. Morales* particularly instructive. 868 F.2d 1562 (11th Cir. 1989). In *Morales*, the court found that an apartment was properly seized because DEA agents had probable cause to believe that it contained contraband and that exigent circumstances were present because of the risk of destruction of narcotics. *Id.* at

---

[3]The Magistrate Judge notes that Part IV of the opinion was only joined by two justices. However, there were five justices who did concur in the ultimate result–namely that the warrantless entry and temporary protective seizure were constitutional. Further, as noted above, it is well-settled that different interests are implicated by a seizure than a search as a seizure affects only the person's possessory interest and a search involves privacy interests. *United States v. Chadwick*, 433 U.S. 1, 13-14 (1977); *Chambers v. Maroney*, 239 U.S. 42, 51-52 (1970).

1575. The court opined, "We have no trouble concluding that these facts justify the seizure of the apartment. These facts justify a finding of probable cause and exigent circumstances. We also note that the DEA agents only planned to secure the apartment and detain its occupants until a warrant to conduct a search could be obtained through the regular channels." *Id.* The *Morales* court cited *Segura*, where the Supreme Court held

> where officers, having probable cause, enter a premises and, with probable cause, arrest the occupants who have legitimate possessory interest in its contents and take them into custody and for no more than the period here involved, secure the premises from within to preserve the status quo while others, in good faith, are in the process of obtaining a warrant, they do not violate the Fourth Amendment's proscription against unreasonable seizures.

468 U.S. at 805. Additionally, the *Morales* court cited to *United States v. Burgos*, noting the circuit's discussion of status quo seizure, "circumstances sometime preclude the obtaining of a warrant and therefore have allowed warrantless searches of a residence where both probable cause and exigent circumstances exist." *Burgos*, 720 F.2d 1520, 1525 (11th Cir. 1983). Moreover, the conduct of the officers in this case was even less intrusive than a search because they merely seized and secured an apartment until a warrant could be obtained. *See Segura*, 468 U.S. at 806 (finding that "different interests are implicated by a seizure than a search. . . a seizure affects only the persons possessory interest; [whereas] a search affects a person's privacy interests").

The lower court implies that the exigent circumstances were created by the officers' themselves and cites *United States v. Santa* to support its position. 236 F.3d 662, 670-71 (11th Cir. 2000). The court in *Santa* determined that the circumstances were not sufficiently "exigent" to justify a warrantless search of the apartment, reasoning, "[the officers] knew how and when the drugs would be transported, where they would be received, who would deliver them, and

5

would receive them . . . . If this information was sufficient to merit the issuance of a search warrant before [the police made a warrantless entry] the entry cannot be justified by exigent circumstances ." Id. at 671. However in the instant case, the police officers did not definitively know the location of the drugs, whether they would be delivered, or any other information specific enough to secure an anticipatory search warrant. Once the confidential informant was shown the drugs, he left to obtain the 1.5 million dollar payment for the cocaine. While this alone did not create exigent circumstances, as noted by *Santa*, when viewed in context with the day's events, specifically the presence of multiple automobiles that could have moved the narcotics and the absence of enough officers who could follow such movement, the officers in the instant case reasonably believed that their action was necessary to prevent the destruction or movement of a large quantity of cocaine. Therefore, this Court declines to adopt the Magistrate Judge's finding that the officers created the exigent circumstances and instead relies on the reasoning from *Morales* as discussed above.

It is also important to note that though the Magistrate Judge's Report carefully analyzed each rationale argued by the government for the warrantless search independently, it failed to take into adequate consideration the totality of the circumstances. It also uses as support various search cases that require a higher standard than seizure cases. In it analysis, this Court must include a discussion of whether a reasonable officer had a reasonable suspicion that exigent circumstances, such as the threat of violence an/or the destruction of evidence, existed to justify a warrantless entry and it "must examine the totality of the circumstances to determine whether an officer had a 'particularized and objective' basis to support his suspicion." *Whittier v. Kobayashi*, 581 F.3d 1304, 1308-09 (11th Cir. 2009). Further, "whether

would receive them . . . . If this information was sufficient to merit the issuance of a search warrant before [the police made a warrantless entry] the entry cannot be justified by exigent circumstances ." Id. at 671. However in the instant case, the police officers did not definitively know the location of the drugs, whether they would be delivered, or any other information specific enough to secure an anticipatory search warrant. Once the confidential informant was shown the drugs, he left to obtain the 1.5 million dollar payment for the cocaine. While this alone did not create exigent circumstances, as noted by *Santa*, when viewed in context with the day's events, specifically the presence of multiple automobiles that could have moved the narcotics and the absence of enough officers who could follow such movement, the officers in the instant case reasonably believed that their action was necessary to prevent the destruction or movement of a large quantity of cocaine. Therefore, this Court declines to adopt the Magistrate Judge's finding that the officers created the exigent circumstances and instead relies on the reasoning from *Morales* as discussed above.

It is also important to note that though the Magistrate Judge's Report carefully analyzed each rationale argued by the government for the warrantless search independently, it failed to take into adequate consideration the totality of the circumstances. It also uses as support various search cases that require a higher standard than seizure cases. In it analysis, this Court must include a discussion of whether a reasonable officer had a reasonable suspicion that exigent circumstances, such as the threat of violence an/or the destruction of evidence, existed to justify a warrantless entry and it "must examine the totality of the circumstances to determine whether an officer had a 'particularized and objective' basis to support his suspicion." *Whittier v. Kobayashi*, 581 F.3d 1304, 1308-09 (11th Cir. 2009). Further, "whether

the officer's suspicion ends up being mistaken is immaterial so long as it was reasonable." *Id.*

This Court concludes that in considering totality of the circumstances, it was reasonable for the law enforcement officers to fear immediate destruction or movement of the evidence. In determining whether exigent circumstances were present, the government states that officers contemplated: their tenuous surveillance position (it was a cloudy day making it difficult for the air surveillance to function properly); their belief that the suspects were conducting counter-surveillance; the number of people moving between the two residences; the number of vehicles present at the location (it is inconsequential whether there was any evidence that the Defendants were preparing to move the cocaine; the mere possibility that it could be moved helped to create the exigency); the lack of sufficient law enforcement officers to follow those vehicles in the event they were to depart; the suspected presence of firearms at the scene; the suspects' expectation that the confidential sources would be returning in approximately ten minutes with money to pay for the cocaine; and the large amount (50 kilograms) of cocaine involved. [4]

Based upon the foregoing, this Court concludes the government presented sufficient evidence to show that the law enforcement officers had an objectively reasonable basis to believe the destruction or movement of evidence was sufficiently imminent to allow the officers to protectively enter the residences and temporarily secure a status quo without a warrant.

Accordingly, it is **ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. 92) is adopted in part and rejected in part; and

---

[4] 50 kilograms is a significant amount of cocaine. Enough to be in the second highest base offense level calculations under sentencing guideline § 2D1.1.

2. Defendants' Joint Motion to Suppress (Doc. 56) is **DENIED** in its entirety.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of November, 2009.

*HARVEY E. SCHLESINGER*
UNITED STATES DISTRICT JUDGE

Copies to:
Hon. Monte C. Richardson
Roland Falcon, Esq.
George T. Fallis, Esq.
Ann E. Finnell, Esq.
Gonzalo R. Andux, Esq.
Noel G. Lawrence, Esq.
Mac D. Heavener, III, Esq.